O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA ,          )  Case No. CV 07-03827 DDP (Cwx)
                                     )
                Plaintiff,           )  **ORDER DENYING PETITIONER'S**
                                     )  **MOTION FOR RETURN OF PROPERTY,**
      v.                             )  **ACCOUNTING AND SUMMARY**
                                     )  **DISPOSITION**
ISMAEL RODRIGUEZ ,                   )
                                     )  [Motion filed on June 13, 2007]
                Defendants.          )
_____)

     This matter is before the Court on Petitioner Ismael
Rodriguez's motion for return of property, accounting and summary
disposition.  After reviewing the papers submitted by the parties,
the Court finds that the government did not agree to forgo
forfeiture of the property in question.

**I. Background**

     On July 28, 2004, the government filed a civil forfeiture
action against Petitioner, alleging that $95,223.50 was subject to
forfeiture[1] pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981

_____

     [1]Although Petitioner alleges in his complaint that the amount
seized by the government was $92,223.50, the correct amount is
$95,223.50.

(a)(1)(C) as property furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 841, proceeds traceable to such an exchange, or property used or intended to be used to facilitate such a violation.  On August 31, 2005, the court in the civil forfeiture action entered a default judgement of forfeiture of $95,223.50.

In a related criminal action, petitioner pled guilty to violating 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) by conspiring to distribute illegal narcotics; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2(a) by knowingly possessing a mixture or substance containing methamphetamine with the intent to distribute; and 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) by knowingly possessing cocaine with intent to distribute.

On December 14, 2006, Petitioner was sentenced to a 240-month term of imprisonment.  There is no mention in the sentencing transcript of the $95,223.50 by either party. <u>See</u> Reporter's Transcript of Sentencing Proceedings.

**II. Legal Standard**

Under 21 U.S.C. § 881(a)(6) and 18 U.S.C. 981(a)(1)(c), the following shall be subject to seizure: property furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and property used or intended to be used to facilitate such a violation.

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  Fed. R. Crim. P. 41(g).  The court must receive evidence on any factual issue necessary to decide the motion.  <u>Id.</u>

1  If it grants the motion, the court must return the property to the

2  movant.  Id.

3

4  **III. Discussion**

5     The crux of Petitioner's argument is that the government

6  allegedly agreed to forgo forfeiture of the $95,223.50 at the

7  sentencing hearing.  However, the sentencing transcript does not

8  contain any statements about the $95,223.50 in question, much less

9  any statements by the government that it agreed to forgo the

10  possession of the forfeited assets.  Because there is no evidence

11  in the sentencing transcript, or elsewhere, to indicate that the

12  $95,223.50 was forfeited, Petitioner's contention that the

13  government agreed to forgo forfeiture cannot be sustained.

14  Accordingly, Petitioner's claims have no merit.

15

16  **IV. Conclusion**

17     For the foregoing reasons, the Court denies Petitioner's

18  motion.

19

20  IT IS SO ORDERED.

21

22

23  Dated: February 8, 2008

24                                       DEAN D. PREGERSON
                                         United States District Judge

25

26

27

28

3